UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PARVEEN A. LAL and<br>JODI L. WRIGHT,<br>      Plaintiffs,<br>   v.<br>AMERICAN HOME MORTGAGE<br>SERVICING, INC.,<br>      Defendant. | No. 2:09-CV-01585-MCE-DAD<br><br>MEMORANDUM AND ORDER |

Plaintiffs initiated the current action against American Home Mortgage Servicing, Inc. ("Defendant") alleging Defendant violated federal and state laws in the execution and servicing of a mortgage agreement. Currently before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint. Defendant's Motion is granted in part and denied in part.[1]

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

## BACKGROUND

On or around June 28, 2006, Plaintiffs entered into a mortgage for $821,750 with Paramount Equity Mortgage, Inc. Initially, principal was payable to Paramount. According to Defendant, Plaintiffs have since defaulted on the loan.

Plaintiffs believe that Defendant is a servicing agent for their existing mortgage, but also allege Defendant may be a "lender or have an interest in the subject loan." Compl., ¶ 36. Furthermore, Plaintiffs contend that Defendant, who is not in possession of the note, is actively concealing the identity of the true note holder.

On March 10, 2009, Plaintiffs, relying on the fact that they allegedly never received accurate Notices of Right to Cancel, sent a letter to Defendant asserting, *inter alia*, that if Defendants did not agree to various loan modifications, Plaintiffs intended to rescind their loan. Plaintiffs also requested that Defendant inform Plaintiffs of Defendant's relationship to the loan and to identify the owner of Plaintiffs' obligation. Finally, Plaintiffs directed Defendant to stop trying to collect on the loan and to cease all future collection communications. According to Plaintiffs, Defendant failed to respond to the letter or to comply with its terms.

On June 8, 2009, Plaintiffs filed the instant action alleging that Defendant: 1) violated the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., by failing to provide two accurate copies of Notice of Right to Cancel and failing to timely respond to Plaintiffs' rescission letter;

2) violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. by likewise failing to respond to the same correspondence; 3) violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 et seq., by continuing to try to collect on the relevant loan after receiving Plaintiffs' above letter; 4) violated California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 et seq.; 5) violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and 6) breached the Implied Covenant of Good Faith and Fair Dealing.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

3

Id. at 555-556 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.   Plaintiffs' Truth in Lending Act Claim**

Plaintiffs contend that, under TILA, they are entitled to rescind their home loan as a result of Paramount's original notice violations. However, Plaintiffs have failed to allege that they are ready and able to tender the loan proceeds as part of the rescission. Accordingly, Defendant's Motion to Dismiss Plaintiffs' TILA rescission claim is granted with leave to amend. See Garza v. American Home Mortg., 2009 WL 188604, *5 (E.D. Cal.).

4

1     Plaintiffs' TILA damages claim does not share the same fate.
2 Plaintiffs contend that Defendant failed to respond to
3 Plaintiffs' March 2009 rescission request as required by
4 15 U.S.C. § 1635(b).  Pursuant to that section, "Within twenty
5 (20) days of receiving a notice of rescission, the creditor is to
6 return any money or property and reflect termination of the
7 security interest."  15 U.S.C. § 1635(b).  According to
8 Defendants, Plaintiffs' correspondence did not constitute a
9 rescission request because it did not contain an offer of tender.
10 However, Defendants cite no authority for the proposition that
11 Plaintiffs were required to make such an allegation in their
12 notice of intent to rescind.  Thus, though this Court may reject
13 a rescission claim based on Plaintiffs'failure to allege tender
14 in the complaint, here, there is no requirement that the notice
15 of rescission sent to the lender contain such an allegation.
16 Accordingly, Plaintiffs' damages claim does not fail simply
17 because Plaintiffs failed to make a tender allegation in the
18 complaint filed with this Court.  Consequently, for purposes of
19 the instant Motion, Plaintiffs have adequately stated a claim by
20 alleging that: 1) in March of 2009, they sent Defendant a notice
21 of their wish to rescind the instant loan; 2) Defendant did not
22 respond to that notice within the time permitted by TILA; and 3)
23 Plaintiffs were damaged by having to bring the instant suit to
24 compel a response from Defendant.  Accordingly, Defendant's
25 Motion to Dismiss Plaintiffs' TILA damages claim is denied.
26 ///
27 ///
28 ///

1      **2.   Plaintiffs' Real Estate Settlement Procedures Act Claim**

Defendant next moves to dismiss Plaintiffs' RESPA claim, by which Plaintiffs allege Defendant failed to respond to Plaintiffs' Qualified Written Request ("QWR"). Pursuant to 12 U.S.C. § 2605(e)(1)(B) a QWR is:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that -
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

According to Defendant, Plaintiffs' March letter did not qualify as a QWR. However, whether Plaintiffs' correspondence amounts to a QWR is a question of fact not properly resolved on the pleadings. Thus, Defendant's argument is rejected.

Additionally, Defendant contends Plaintiffs failed to properly allege actual or statutory damages. Defendant's argument as to actual damages is without merit because, while in the section of the Complaint dedicated to the RESPA claim Plaintiffs allege only that they have suffered "actual damages," Plaintiffs also incorporated by reference all prior allegations as well. Accordingly, the same allegations regarding damages alleged under Plaintiffs' TILA claim are applicable here, and Plaintiffs adequately alleged they suffered injury as a result of having to resort to the filing of this litigation.

///
///

1    Nevertheless, Plaintiffs make only the conclusory allegation
2 that they are entitled to statutory damages.  Statutory damages
3 are available only if a plaintiff pleads some pattern or practice
4 of non-compliance with the duty to respond to borrower inquiries
5 12 U.S.C. § 2605(f)(1)(B).  Plaintiffs failed to allege any facts
6 supporting their theory that Defendants made it a regular
7 practice to ignore the provisions of RESPA.  Accordingly,
8 Defendants' Motion to Dismiss Plaintiffs' second cause of action
9 is denied as to Plaintiffs' claim for actual damages and granted
10 with leave to amend as to Plaintiffs' claim for statutory
11 damages.

### 3. Plaintiffs' Rosenthal Fair Debt Collection Practices Act Claim

15    Defendant moves to dismiss the instant claim arguing that
16 it, as a loan servicer, cannot be held liable under the RFDCPA.
17 However, Defendant relies upon federal law, which specifically
18 excludes loan servicers from its purview.  The RFDCPA definition
19 of a debt collector is broader than the federal definition.
20 Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199 (C.D.
21 Cal., 2008).  Indeed, in California, a debt collector is defined
22 as "any person who, in the ordinary course of business,
23 regularly, on behalf of himself or herself or others, engages in
24 debt collection."  Cal. Civ. Code § 1788.2(c).
25 ///
26 ///
27 ///
28 ///

7

In this case, Plaintiffs claim that "Defendant repeatedly contacted Plaintiff attempting to collect the debt." Compl., ¶ 86. Additionally, Plaintiffs allege they were contacted regularly by Defendant for purposes of collection, from which this Court can infer, at least for purposes of the instant Motion, that Defendant regularly engaged in the challenged practice. Accordingly, Plaintiffs have adequately stated a claim for violation of the RFDCPA. See Lemieux v. Jensen, 2004 WL 302318, *2 (S.D. Cal.) (interpreting federal law). Defendant's Motion to Dismiss Plaintiffs' third cause of action is denied.

### 4.   **Plaintiffs' Unfair Competition Law Claim**

Plaintiffs contend various of their claims against Defendant provide independent grounds for a finding that Defendant violated California's UCL. Cal. Bus. & Prof. Code § 17200. The UCL prohibits fraudulent, unlawful, or unfair business practices and "permits violations of other laws to be treated as unfair competition that is independently actionable." Leonel v. Am. Airlines, Inc., 400 F.3d 702, 714 (9th Cir., 2005) (quoting Kasky v. Nike, Inc., 45 P.3d 243, (2002)). To the extent Plaintiffs' other claims survive, so does their UCL claim. Accordingly, Defendant's Motion to Dismiss Plaintiffs' fourth cause of action is denied.

///
///
////
///

### 5. **Plaintiffs' Fair Credit Reporting Act Claim**

According to Plaintiffs, "As Plaintiff [*sic*] has rescinded his loan, disputed the debt under the Fair Debt Collection Practices Act and has made a Qualified Written Request under RESPA, Defendants are prohibited from reporting any delinquency pending the resolution of this matter, but they continue to report derogatory information." Compl., ¶ 100. Defendant rightly argues that Plaintiffs cannot state a claim under 15 U.S.C. § 1681s-2(a) because no private right of action is available to them. Nelson v. Equifacx Information Services, 522 F. Supp. 2d 1222, 1230 (C.D. Cal., 2007). However, Plaintiffs contend their instant claim is actually premised instead on § 1681s-2(b). Nevertheless, Plaintiffs have failed to allege that Defendant was notified of any dispute pursuant to the terms of 15 U.S.C § 1681i(a)(2) as is required by § 1681s-2(b). See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002). Accordingly, Defendant's Motion to Dismiss Plaintiffs' fifth cause of action is granted with leave to amend.

///
///
///
///
///
///
///
///
///

**6.  Implied Covenant of Good Faith and Fair Dealing Claim**

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).  Because Plaintiffs have not properly alleged any contractual relationship with Defendant, Plaintiffs' instant claim cannot stand. Moreover, California has rejected a rule that would apply tort recovery for breach of the implied covenant in "'normal commercial banking transactions.'" Velazquez v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049, 1072 (C.D. Cal., 2008) (quoting Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726, 729 (1989)).  Because Plaintiffs have presented no authority to the contrary, Defendant's Motion to Dismiss Plaintiffs' sixth cause of action is granted with leave to amend.

**CONCLUSION**

Defendant's Motion to Dismiss is DENIED as to Plaintiffs' First (as it pertains to damages), Second (as it pertains to actual damages), Third, and Fourth Causes of Action and GRANTED with leave to amend as to Plaintiffs' First (as it pertains to rescission), Second (as it pertains to statutory damages), Fifth and Sixth Causes of Action.  Plaintiffs may (but are not required to) file an amended complaint, not later than twenty (20) days after the date this Memorandum and Order is filed electronically.

1  Nevertheless, if no amended complaint is filed within said twenty
2  (20)-day period, without further notice, those causes of action
3  hereby dismissed will be deemed to have been dismissed with
4  prejudice.
5     IT IS SO ORDERED.
6  Dated: September 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE