UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PARVEEN A. LAL and JODI L.            No. 2:09-cv-01585-MCE-DAD
WRIGHT,

       Plaintiffs,

   v.                                    <u>MEMORANDUM AND ORDER</u>

AMERICAN HOME SERVICING, INC.
and LENDER DOE,

       Defendants.

----oo0oo----

    Presently before the Court is a Motion by Defendant American Home Mortgage Servicing, Inc. ("Defendant") to Dismiss portions of the First Amended Complaint of Plaintiffs Parveen A. Lal and Jodi L. Wright ("Plaintiffs") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendant's Motion to Dismiss is granted.

///

---

    [1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

1

## BACKGROUND[2]

2

3      Around June 28, 2006, Plaintiffs entered into a mortgage
4 loan for $821,750 with Paramount Equity Mortgage ("Paramount").
5 The loan was initially serviced by Paramount, but was later
6 serviced by Defendant American Home Mortgage Servicing, Inc.  The
7 mortgage note has since allegedly been sold to an unknown holder.
8 On March 10, 2009, Plaintiffs sent a letter to Defendant stating
9 that they were not provided notice of the right to cancel under
10 TILA, and that pursuant to TILA they were rescinding their loan.
11 Plaintiffs additionally requested that the Defendant indicate its
12 relationship to the loan and identify the true owner of the
13 mortgage note.  Plaintiffs also directed Defendant to stop trying
14 to collect on the loan and to cease all future collection
15 communications.  According to Plaintiffs, Defendant has failed to
16 respond to the letter or comply with its terms.

17      Plaintiffs now allege a litany of state and federal law
18 violations in connection with the foreclosure.  This is the
19 second motion to dismiss between these parties.  The first was
20 denied in part and granted in part with leave to amend.
21 Plaintiffs thereafter filed a First Amended Complaint.

22 ///

23 ///

24 ///

25 ///

26 ///

27 _____

28      [2] The factual assertions in this section are based on the
allegations in Plaintiffs' Complaint unless otherwise specified.

**STANDARD**

**A.   Motion to Dismiss**


On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  <u>Id</u>. at 1964-65 (internal citations and quotations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  <u>Id</u>. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///

///

///

///

3

1    "Rule 8(a)(2)...requires a 'showing,' rather than a blanket

2    assertion of entitlement to relief.  Without some factual

3    allegation in the complaint, it is hard to see how a claimant

4    could satisfy the requirements of providing not only 'fair

5    notice' of the nature of the claim, but also 'grounds' on which

6    the claim rests." Twombly, 550 U.S. 556 n.3.  A pleading must

7    contain "only enough facts to state a claim to relief that is

8    plausible on its face." Id. at 570.  If the "plaintiffs...have

9    not nudged their claims across the line from conceivable to

10   plausible, their complaint must be dismissed." Id.

11   Nevertheless, "[a] well-pleaded complaint may proceed even if it

12   strikes a savvy judge that actual proof of those facts is

13   improbable, and 'that a recovery is very remote and unlikely.'"

14   Id. at 556.

15       When a claim for fraud is raised, Federal Rule of Civil

16   Procedure 9(b) provides that "a party must state with

17   particularity the circumstances constituting fraud."  "A pleading

18   is sufficient under Rule 9(b) if it identifies the circumstances

19   constituting fraud so that the defendant can prepare an adequate

20   answer from the allegations." Neubronner v. Milken, 6 F.3d 666,

21   671-672 (9th Cir. 1993) (internal quotations and citations

22   omitted).  "The complaint must specify such facts as the times,

23   dates, places, benefits received, and other details of the

24   alleged fraudulent activity." Id. at 672.

25   ///

26   ///

27   ///

28   ///

4

1     A court granting a motion to dismiss a complaint must then
2 decide whether to grant leave to amend.  A court should "freely
3 give" leave to amend when there is no "undue delay, bad faith[,]
4 dilatory motive on the part of the movant,...undue prejudice to
5 the opposing party by virtue of...the amendment, [or] futility of
6 the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371
7 U.S. 178, 182 (1962).  Generally, leave to amend is denied only
8 when it is clear the deficiencies of the complaint cannot be
9 cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957
10 F.2d 655, 658 (9th Cir. 1992).

11

12                              **ANALYSIS**

13 **A.    Rescission under TILA**

14

15     Under TILA, a plaintiff must allege ability to tender the
16 amount owed on the loan as a prerequisite to rescission.  This
17 Court granted Defendant's prior motion to dismiss Plaintiffs'
18 rescission claim on the grounds that Plaintiffs failed to allege
19 tender.  Having filed an amended complaint, Plaintiffs now assert
20 that they are "prepared to tender from a refinance, funds from
21 savings, and assistance by family members once the amount to
22 tender is known, considering damages, and after [Defendant] stops
23 reporting the loan negatively."
24 ///
25 ///
26 ///
27 ///
28 ///

1    Defendant argues that this offer of tender is insufficient
2 in that it is conditionally premised on securing refinancing, and
3 also does not offer the entire amount but only the amount
4 "offset" by damages.  Plaintiffs retort that Defendant has
5 impeded on their ability to fully refinance at this time due to
6 their continued negative reporting on their credit.

7    The Ninth Circuit has not provided a clear rule on the
8 tender requirement.  The purpose of rescission under TILA is to
9 return both parties to the *status quo ante*.  <u>Yamamoto v. Bank of</u>
10 <u>New York</u>, 329 F.3d 1167, 1172 (9th Cir. 2003).  The exact wording
11 of the statute mandates "return of money or property *following*
12 rescission", 15 U.S.C. § 1635(b) (emphasis added), however the
13 Ninth Circuit has held that the district court has discretion to
14 "modify the sequence of rescission events" and require the
15 borrower to allege of tender prior to rescission.  <u>Yamamoto</u>, 329
16 F.3d at 1170 (relying on 1980 TILA amendment allowing courts to
17 modify TILA procedures).

18    In <u>Yamamoto</u> it was evident that the borrower would not be
19 able to repay the funds.  Therefore, the court refused to require
20 parties to go through the rescission process when it was clear
21 that the borrower would not be able to fulfill her requirements
22 at the end.  The Ninth Circuit held that "a court may impose
23 conditions on rescission that assure the borrower meets her
24 obligations once the creditor has performed its obligations."
25 <u>Yamamoto</u>, 329 F.3d at 1173.  However, importantly, the Ninth
26 Circuit specifically declined to rule on the "possibility that
27 borrowers could refinance or sell the property between the time a
28 court grants rescission and when the pay back is required."  <u>Id</u>.

1   Considering the facts and circumstances present, this Court
2   finds that Plaintiffs have not sufficiently alleged tender in
3   this case.  Plaintiffs' complaint specifically states that the
4   "ability to tender will require refinance."  Plaintiffs go on to
5   explain that Defendant's negative credit reporting is what has
6   prevented their ability to refinance, and that once they are
7   successful in this action, and their credit report is corrected,
8   they will have the credit necessary to secure refinancing.  This
9   sequence of events is far too tenuous to assure this Court that
10  the borrowers will be able to meet their obligations.  Moreover,
11  Plaintiffs only offer tender "once the amount to tender is known,
12  considering damages, and after [Defendant] stops reporting the
13  loan negatively."  This appears to be a threat rather than a
14  tender offer.  Should Plaintiffs fail on all other claims except
15  rescission, they would still need to tender the entire amount
16  owed, without a discount for damages, and despite negative
17  reporting from Defendant.  This complete tender has not been
18  offered by the Plaintiffs.  Without such tender, Plaintiffs may
19  not seek to rescind the loan.

20  Therefore Defendant's Motion to Dismiss Plaintiffs'
21  rescission claim is granted.

22
23  **B.   Real Estate Settlement Procedures Act ("RESPA")**
24
25  RESPA, 12 U.S.C. § 2605(e), requires that loan servicers
26  timely respond to qualified written requests ("QWR"s) from
27  borrowers.
28  ///

7

1   Defendant did not respond to Plaintiffs' QWR and, as a
2   result, Plaintiffs claim they are entitled to both statutory and
3   actual damages.  Plaintiffs allege they were harmed by not
4   "[being] unable to name the real party in interest to this suit."
5   Plaintiffs also incorporate all preceding sections of their
6   Complaint into their RESPA claim, including the allegation that
7   Plaintiffs were harmed by having to bring suit at all.

8   In regards to actual damages, this Court previously held
9   that the "incorporated damage" of having to file suit was
10  sufficient actual damage for a RESPA claim.  Since the initial
11  order in this case, the Court has revised its position and agrees
12  with Defendant's contention that the loss alleged must be related
13  to the RESPA violation itself.  RESPA, as codified at 12 U.S.C.
14  § 2605(f)(1)(A), authorizes "actual damages to the borrower **as a**
15  **result of** the failure [to comply with RESPA requirements]."
16  (emphasis added).  Therefore, allegations made under a separate
17  cause of action are insufficient to sustain a RESPA claim for
18  actual damages as they are not a direct result of the failure to
19  comply.  Nor does simply having to file suit suffice as a harm
20  warranting actual damages.  If such were the case, every RESPA
21  suit would inherently have a claim for damages built in.

22  Additionally, the Court rejects, as a matter of law,
23  Plaintiffs' argument that they were harmed by not being able to
24  name the real party of interest in this suit.  Under RESPA, a
25  borrower may not recover actual damages for nonpecuniary losses.
26  ///
27  ///
28  ///

1  See <u>Allen v. United Fin. Mortg. Corp.</u>, No. 09-2507, 2009 WL
2  2984170, at *5 (N.D.Cal. Sept. 15, 2009); <u>Shepard v. Am. Home</u>
3  <u>Mortg. Corp.</u>, No. 2:09-1916, 2009 WL 4505925, at *3; <u>Fulmer v.</u>
4  <u>JPMorgan Chase Bank</u>, No. 2:09-cv-1037, 2010 WL 95206, at *6 (E.D.
5  Cal. Jan. 6, 2010).  Consequently, Plaintiffs have failed to
6  sufficiently plead a claim for actual damages.

7      To recover statutory damages, Plaintiffs must plead some
8  pattern or practice of noncompliance with RESPA.  12 U.S.C.
9  § 2605(f)(1)(b).  Here, Plaintiffs flatly claim a pattern of
10 noncompliance but state no facts other than the assurance that at
11 trial they will present other customers who also did not receive
12 QWR responses from Defendant.

13      However, simply stating a legal conclusion with the promise
14 to later produce facts is tantamount to simply stating a bare
15 legal conclusion.  This is insufficient under the Rule 12(b)(6)
16 pleading standard.  A plaintiff cannot rely simply on stock legal
17 conclusions, but must allege facts that are sufficient to "raise
18 a right to relief above the speculative level."  <u>See</u> <u>Bell Atl.</u>
19 <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  A court is not
20 required to accept as true a legal conclusion couched as a
21 factual allegation.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949
22 (2009).  Here, Plaintiffs' Complaint lacks the requisite facts
23 necessary to sustain a claim for statutory damages

24      Therefore, Defendant's Motion to Dismiss Plaintiffs' RESPA
25 claim is granted as to both actual and statutory damages.
26 ///
27 ///
28 ///

1    **C.    Rosenthal Fair Debt Collection Practices Act**

2

3        Plaintiffs' Complaint alleges that Defendants engaged in
4    abusive debt collection practices in violation of California's
5    Rosenthal Fair Debt Collection Procedures Act ("RFDCPA").
6    In its previous Motion to Dismiss Order, this Court held that
7    while loan servicers cannot be held liable under the federal Fair
8    Debt Collection Practices Act ("FDCPA"), they can be held liable
9    under California's RFDCPA.  However, the Court has reconsidered
10   its position.  This Court finds that the RFDCPA does in fact
11   mirror in the FDCPA, their intentions were the same and
12   exclusive, and, as such, a loan servicer is not a debt collector
13   under these acts.[3]

14       The law is well settled that FDCPA's definition of debt
15   collector "does not include the consumer's creditors, a mortgage
16   servicing company, or any assignee of the debt." Perry v. Stewart
17   Title Co., 756 F. 2d 1197, 1208 (5th Cir. 1985) citing S. Rep. No.
18   95-382, 95th Cong., 1st Sess. 3; see also Angulo v. Countrywide
19   Home Loans, Inc., No. 1:09-cv-877-AWI-SMS, 2009 WL 3427179, at *5
20   (E.D. Cal. October 26, 20009); Nera v. Am. Home Mortg. Servicing,
21   Inc., No. C-09-2025 RMW, 2009 WL 2423109, at *4 (N.D.Cal. Aug. 5,
22   2009); Pineda v. Saxon Mortg. Servs., 2008 WL 5187813, at *3
23   (C.D.Cal. Dec. 10, 2008).  Accordingly, as servicer of the loan,
24   Defendant may not be held liable under RFDCPA.

25   _____

26        [3] See also Nool v. Homeq Servicing, No. 1:09-CV-0885 OWW
     DLB, 2009 U.S. Dist. LEXIS 80640, at *10-11 (E.D. Cal. Sept. 3
     2009); Olivier v. NDEX West, LLC, No. 1:09-CV-00099 OWW GSA, 2009
27   U.S. Dist. LEXIS 74051, at *8 (E.D. Cal. Aug. 10, 2009); Cordova
     v. America's Servicing Co., No. C 08-05728 SI, 2009 U.S. Dist.
28   LEXIS 58934, at *5 (N.D. Cal. June 24, 2009).

1    Defendant's Motion to Dismiss Plaintiffs' RFDCPA claim is
2    therefore granted.

3

4    **D.    Slander [Libel] of Credit**

5

6    Plaintiffs contend that Defendant caused false information
7    to be published with various credit agencies regarding the
8    Plaintiffs' creditworthiness, without informing those agencies
9    that the claims were disputed.  Defendant argues that Plaintiffs
10   did default on their loan payments, therefore any communication
11   by Defendant regrading that fact would be true.
12   Regardless of the disputed "truth" of Defendant's credit
13   reporting, Plaintiffs' complaint fails to do much more than state
14   the elements of slander.  It does not identify the parties to
15   whom the statements were made, or what damage to Plaintiffs'
16   credit directly resulted from Defendant's statement.  While
17   detailed factual allegations are not necessary, Plaintiffs'
18   Complaint must provide more than labels and conclusions.
19   Twombly, 550 U.S. at 555-56.
20   Therefore Defendant's Motion to Dismiss Plaintiffs' slander
21   of credit claim is granted.
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

11

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 19) is GRANTED.

Leave to amend is granted only as to the claims for slander of credit, violation of RFDCPA, and actual damages under RESPA. This is the second time a Motion to Dismiss has been granted as to the remaining claims.  Thus amendment will not cure the defects noted by the Court.

Plaintiffs may file an amended complaint as to the claims for slander of credit, violation of RFDCPA, and actual damages under RESPA not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' remaining claims for slander of credit, RFDCPA, and actual damages under RESPA will also be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: January 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE